

Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy
Suite 510
Little Rock, Arkansas 72211

800-615-4946 (main)
888-787-2040 (facsimile)

WWW.SANFORDLAWFIRM.COM

JOSH SANFORD [3, 5, 6, 9, 10, 13, 16, 18]
ANNA SANFORD STIRITZ [9]
COURTNEY HARNESS [8, 11, **]
KRISTA SHEETS [17, **]
VANESSA KINNEY [6]
WILLIAM PATRICK WILSON [11]
MERIDETH Q. MCENTIRE [4, 12, 16, *]
LYDIA H. HAMLET [7, 16]
STEVE RAULS
STACY GIBSON
REBECCA MATLOCK
APRIL RHÉAUME [3, 16, 17]
DANIEL FORD
SEAN SHORT
COURTNEY LOWERY [1, 2]
COLBY QUALLS [5, 8, 9, 14, 15, 16]
SAMUEL BROWN [14]
MICHAEL STIRITZ
LAURA EDMONDSON

Of counsel:
JON R. SANFORD [16, 17]
KIRSTEN C. SANFORD
JOSHUA WEST [16]

With offices in:
Little Rock, AR
Birmingham, AL
Chicago, IL
Denver, CO
Omaha, NE
Phoenix, AZ
San Antonio, TX
Seattle, WA

Also admitted to
practice in courts in:
1 - Alabama
2 - Arizona
3 - Colorado
4 - Hawaii
5 - Illinois
6 - Michigan
7 - Mississippi
8 - Missouri
9 - Nebraska
10 - New Mexico
11 - New York
12 - North Carolina
13 - North Dakota
14 - Oklahoma
15 - Tennessee
16 - Texas
17 - Washington
18 - Wisconsin

\* Licensed only in federal
   courts in Arkansas
\*\* Not licensed in courts
   in Arkansas

March 3, 2022

<u>**VIA U.S. MAIL**</u>

Jordan Nicholas Elliott, Inc.
c/o Bush Ross Registered Agent Services, LLC
1801 North Highland Avenue
Tampa, Florida 33602

Papa John's
4120 Rowan Road
New Port Richey, Florida 34653

Re:   <u>Impending FLSA Lawsuit Against Jordan Nicholas Elliott, Inc.</u>
       FOR SETTLEMENT PURPOSES ONLY
       **RULE 408 COMMUNICATION**

To Whom It May Concern,

We have been retained to bring a case against you, the above-named Defendants, and your individually-liable supervisors and/or managers for violations of the federal Fair Labor Standards Act and the Florida Minimum Wage Act. We represent Matthew Wiles, a former employee of Jordan Nicholas Elliott, Inc.

Our client, as well other delivery drivers, was not reimbursed for mileage at the IRS standard rate, and we intend to file a collective and class action lawsuit against you in federal court on this basis. Under the Fair Labor Standards Act ("FLSA"), these employees are entitled to a minimum wage and overtime pay without requiring them to "kick back" the cost of mileage to their employer. *See* 29 C.F.R. § 531.35. You are also subject to the Florida Minimum Wage Act (Florida Statute § 448.110), which requires you to pay your employees at a higher rate than the federal minimum wage.

Based on our investigation and information from our client, the above-named entities employed at least 50 other delivery drivers over the past five years. Due to turnover, the class of delivery drivers may be much larger.

Mr. Wiles was employed by Defendant from February of 2018 until August of 2019 (approximately 82 weeks), and estimates he worked an average of 42 hours per week. For the majority of his employment, Mr. Wiles was paid a flat rate per delivery of $1.25 per delivery, which (assuming 3 deliveries

per hour at 8 miles per delivery) is an approximate under-reimbursement of $0.40 per mile when compared with the IRS standard mileage rate of $0.545 per mile for 2018. For the final months of his employment (estimated 30 weeks), he was reimbursed at $0.25 per mile, or approximately $0.30 cents less than the IRS mileage rate of $0.545 per mile.

Here, we have run our calculations based on our clients "reasonable inference" of hours worked without just compensation. Mr. Wiles estimates the following employment dates, hours, alleged unpaid wages and unpaid reimbursements for which payment is sought:

- For the first 52 weeks of Mr. Wiles's employment (or, during the time he was reimbursed at a flat rate per delivery), he is owed $20,966.40 in unpaid wages ($0.40 per mile x 8 miles per delivery x 3 deliveries per hour x 42 hours per week x 52 weeks).

- For the final 30 weeks of Mr. Wiles's employment (or, during the time he was reimbursed at $0.25 per mile), he is owed $9,072.00 in unpaid wages ($0.30 per mile x 8 miles per delivery x 3 deliveries per hour x 42 hours per week x 30 weeks).

- Total unpaid wages (not including liquidated damages) owed to Mr. Wiles: **$30,038.40.**

Applying Mr. Wiles's estimated damages to the entire class (i.e., his damages multiplied by 50), the entire class is estimated to be owed **$1,501,920.00** in unpaid wages.

It is our typical experience handling many wage and hour disputes that employers generally view the available facts through a lens different from our clients. Based on this experience (but not based on the evidence or conversations to date), I will not be surprised if you feel confident that certain factors may ultimately cut in your favor. At this stage we have minimal information to weigh against our client's understanding of the facts. If there are specific factors you would like us to factor in this analysis, <u>tell us</u>.

In an effort to resolve this matter now, I have been authorized to communicate an initial demand of **$1,501,920.00**. This demand is on behalf of the class or collective of all other delivery drivers to whom notice of a settlement would be sent, pending Court approval. As this demand is *initial*, it is, of course, designed to come down. Our immediate goal is to resolve this matter efficiently for all currently involved and to not have this dispute become, at any time, centered around attorneys' fees, which are set to escalate for both sides and may ultimately eclipse the value of our clients' claims should we fail to resolve this case at this juncture. Alternatively, if your client provides relevant pay and time records for each putative class member, we would amend the offer above based on the information you provide.

Additionally, please be aware that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extend any attempt is made to penalize, discipline, punish, threaten, intimidate or discriminate against our clients, we will pursue a claim for retaliation.

We are willing to discuss resolving this matter by an out of court settlement. However, we would not be willing to delay filing the action unless we reach an appropriate tolling and non-contact agreement prior to **April 15, 2022,** to allow us to explore settlement.

To pay the compensation owed, please contact the undersigned at (501) 221-0088. Thank you for your time and attention to this matter.

    Sincerely,
    SANFORD LAW FIRM, PLLC

    */s/ Josh Sanford*

    Josh Sanford
    Attorney at Law